IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE MALEY,<br><br>        Plaintiff,<br><br>   v.<br><br>CARMICHAELS-CUMBERLAND JOINT SEWER AUTHORITY, CHARLES NESTER,<br><br>        Defendants. | 2:22-CV-00792-CCW |

## **OPINION AND ORDER**

Plaintiff Darlene Maley, a former public employee, has brought various federal and state claims against Defendants Carmichaels-Cumberland Joint Sewer Authority ("Carmichaels-Cumberland"), a municipal authority, and Charles Nester, her former superintendent (collectively, "Defendants"). *See generally* ECF No. 12. Ms. Maley alleges that she was fired after she complained about the spraying of hazardous substances in her workplace. *Id.* Presently before the Court is Defendants' Motion to Dismiss, ECF No. 15, asking the Court to dismiss Ms. Maley's operative Amended Complaint in its entirety.

For the reasons that follow, the Court will dismiss Ms. Maley's only federal claim (Count IV) without prejudice and decline to exercise supplemental jurisdiction over Ms. Maley's state claims (Counts I–III).

### I.    BACKGROUND

The following facts are taken from the Amended Complaint, which the Court takes as true for the purpose of ruling on the instant Motions to Dismiss. On November 1, 2021, Ms. Maley began work as an office clerk for Carmichaels-Cumberland, which is a municipal authority. ECF

1

No. 12 ¶ 2. Ms. Malley alleges that on November 10, 2021, while she was working at her desk, an HVAC worker began cleaning the office. *Id.* ¶¶ 10, 12. As part of the cleaning regimen, Ms. Maley asserts that he used Nu-Blast, a hazardous chemical used as an air conditioning coil cleaning product. *Id.* ¶¶ 10–12, 14. According to Ms. Maley, Nu-Blast is regulated as a hazardous substance, which can cause skin and eye irritation, drowsiness, or dizziness. *Id.* ¶¶ 13, 14, 93 (citing 35 P.S. § 7303).

As a result of her exposure to Nu-Blast, Ms. Maley alleges that she began experiencing adverse symptoms, including skin and eye irritation, difficulty breathing, nausea, headache, shakiness, lethargy, and a rash. *Id.* ¶¶ 16, 25. According to Ms. Maley, she reported the event to her supervisor and manager, Gayle Lewis, and to the superintendent, Mr. Nester. *Id.* ¶¶ 17, 20. Ms. Maley alleges that she later asked Ms. Lewis if a complaint should be filed with the Occupational Safety and Health Administration ("OSHA"). *Id.* ¶ 27. Ms. Lewis purportedly did not believe that was necessary. *Id.* ¶ 28. Ms. Maley states that she subsequently spoke with her dermatologist and then filed a complaint with OSHA. *Id.* ¶¶ 31–32. She asserts that during the following week, she did not return to work, but decided to call the Poison Control Center, file a workers' compensation claim, speak with a doctor who prescribed her a steroid, and be evaluated by an ear, nose, and throat doctor. *Id.* ¶¶ 33–35.

Ms. Maley did not return to work until December 1, 2021. *Id.* ¶ 36. She states that she returned to work with several doctors' notes to excuse her absence. *Id.* In the interim, Carmichaels-Cumberland allegedly placed her on probation and notified her via a letter that it had temporarily hired a person to fill her position. *Id.* ¶¶ 39–40. According to Ms. Maley, the letter also informed her that her paycheck was being withheld until she returned her work keys and remotes. *Id.* ¶ 42.

Ms. Maley further alleges that, upon returning to work, Ms. Lewis did not accept her doctors' notes and that both Mr. Nester and Ms. Lewis treated her harshly, stopped providing her with work, and accused her of seeking a lawsuit. *Id.* ¶¶ 37, 45–46, 48–49, 54. Ms. Maley was terminated on December 6, 2021. *Id.* ¶ 56.

As a result of her termination, Ms. Maley initiated this lawsuit against Carmichaels-Cumberland on May 31, 2022. ECF No. 1. With Defendants' consent, Ms. Maley filed an Amended Complaint. *See* ECF No. 10; ECF No. 12. In her Amended Complaint, Ms. Maley assert claims for: (1) a violation of the Pennsylvania Whistleblower Law, 43 P.S. §§ 1421, *et seq.* (Count I, against Carmichaels-Cumberland); (2) a wrongful termination claim that Ms. Maley alleges should proceed pursuant to the Pennsylvania Community and Worker Right-to-Know Act, 43 P.S. §§ 7301, *et seq.* (Count II, against Carmichaels-Cumberland); (3) a wrongful termination claim that Ms. Maley alleges should proceed pursuant to the Pennsylvania Worker's Compensation Act, 77 P.S. §§ 1, *et seq.* (Count III, against Carmichaels-Cumberland); and (4) a First Amendment retaliation claim brought pursuant to 42 U.S.C. § 1983 (Count IV, against all defendants). With briefing complete, the motions are now ripe for adjudication.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the

speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

### III.   ANALYSIS

The Court's analysis begins with Count IV, Ms. Maley's sole federal claim. Ms. Maley asserts that Defendants retaliated against her for exercising her First Amendment rights to freedom of speech and to petition the government for redress of grievances, in violation of 42 U.S.C. § 1983. ECF No. 12 ¶¶ 120–36. Specifically, she contends that Carmichaels-Cumberland fired her after she informed her supervisor and OSHA about the "dangerous working conditions" of her

workplace. *Id.* ¶¶ 122, 124–26.  She brings this claim against both Carmichaels-Cumberland and Mr. Nester, acting in his official capacity, which for the purposes of a § 1983 claim "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

The First Amendment prohibits government officials from retaliating against a public employee for engaging in constitutionally protected activity.  *See Houston Cmty. Coll. Sys. v. Wilson*, 142 S. Ct. 1253, 1259 (2022);  *see also Borough of Duryea v. Guarnieri*, 564 U.S. 379, 382 (2011);  *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019).  Courts examine retaliation claims by public employees under the Speech Clause and the Petition Clause using the same framework. *See Guarnieri*, 564 U.S. at 398;  *see e.g.*, *Starnes v. Butler Cnty. Ct. of Com. Pleas, 50th Jud. Dist.*, 971 F.3d 416, 429 (3d Cir. 2020).

The Third Circuit applies "a well-established three-step test to evaluate a public employee's claim of retaliation" for engaging in protected speech.  *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005).  First, the employee must demonstrate that the speech was, in fact, protected.  *Id.* (citing *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968)).  Second, the employee must show that the protected speech "was a substantial factor in the alleged retaliatory action."  *Id.* (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  Finally, the employer can defeat the employee's claim by establishing "by a preponderance of the evidence that it would have reached the same decision even in the absence of the protected conduct." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 144 (3d Cir. 2000);  *see also Hill*, 411 F.3d at 125.

For the purposes of a First Amendment retaliation claim, speech is protected only if it involves a matter of public concern.  *Majewski v. Fischi*, 372 Fed. App'x 300, 303 (3d Cir. 2010);

*see also Guarnieri*, 564 U.S. at 399.  Speech relates to a matter of public concern when it describes "any matter of political, social, or other concern to the community."  *Green v. Phila. Housing Auth.*, 105 F.3d 882, 886 (3d Cir. 1997) (quoting *Connick v. Myers*, 461 U.S. 138, 146 (1983)). By contrast, speech of a personal nature is not considered protected.  *Brennan v. Norton*, 350 F.3d 399, 412 (3d Cir. 2003) ("Public speech cannot constitute merely personal grievances.") (cleaned up).  It is the "content, form[,] and context" of the employee's speech that dictates whether the speech is of public or personal concern.  *Green*, 105 F.3d at 886.

The Third Circuit has held that "an employee's complaints about safety matters and working conditions [do] not relate to matters of public concern because the complaints [are] not made to protect the interest of other employees but only to protect the interests of the complaining employee [herself]."  *Sanguigni v. Pittsburgh Bd. of Pub. Educ.*, 968 F.2d 393, 399 (3d Cir. 1992) (citing *Gaj v. U.S. Postal Serv.*, 800 F.2d 64, 67 (3d Cir. 1986)).  In this case, Ms. Maley admits that the matters she discussed related to the safety and working conditions of her workplace.  ECF No. 12 ¶ 126.  Furthermore, her complaints to her supervisors were self-interested, belying the contention that her speech related to matters of a public concern.  When she first believed there were hazardous substances being sprayed in her office, Ms. Maley informed her supervisor that "she cannot work in the office in its current condition" and "she had to leave."  *Id.* ¶ 24.  In addition, Ms. Maley alleges that "[i]nstead of subjecting *herself* to dangerous working conditions, [she] reported her concerns."  *Id.* ¶ 126 (emphasis added).  Her speech, therefore, was intended to protect only her interests and cannot be considered protected speech for the purposes of a First Amendment retaliation claim.

Accordingly, the Court will grant Defendants Motion to Dismiss Count IV.  Because this count constitutes the only federal claim in the operative complaint, the Court declines to exercise

supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction"). Ms. Maley will, however, be given leave to amend with respect to Count IV.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is hereby GRANTED, and Ms. Maley is granted leave to amend her allegations to address the deficiencies discussed above. Ms. Maley shall file her Second Amended Complaint by January 6, 2023. A failure to file an amendment will result in a dismissal with prejudice for Count IV and a dismissal without prejudice for the remaining counts for lack of jurisdiction.

DATED this 19th day of December, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record